IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Case No. 1:21-CV-00949

**STUART DOBSON**,

    Plaintiff,

v.

**RICHARD HIPOLD and**

**CRUISE AMERICA, INC.**

    Defendants.

___

## CIVIL COMPLAINT
___

    Plaintiff, Stuart Dobson, by and through his counsel of record, MCDIVITT LAW FIRM, P.C. brings this Civil Complaint for Damages against Defendants, Richard Hipold and Cruise America, Inc., and hereby states as follows:

### JURISDICTION, VENUE & PARTIES

1. Plaintiff, Stuart Dobson, is a resident of Utah and resides at 8500 East SR 24, Caineville, Utah 84775.

2. Upon information and belief, Defendant, Richard Hipold, is a foreign person residing in Austria, with an address of 4973 St. Martin Diesseits, 46. Defendant Hipold purposefully availed himself of jurisdiction in Colorado.

3. Upon information and belief, Plaintiff alleges Defendant Cruise America, Inc. is a foreign corporation licensed to do business in Colorado with a principal place of business of 11

      West Hampton Ave., Mesa, AZ 85210.  Defendant Cruise America's registered agent is The Prentice-Hall Corporation System, Inc., 1900 W. Littleton Blvd., Littleton, CO 80120.

4. Upon information and belief, Plaintiff alleges all actions or omissions of Defendants which gives rise to this claim occurred in the City of Northglenn, County of Adams, State of Colorado. As such venue is proper in Adams County.

5. The United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C.§ 1332.

6. There is complete diversity of citizenship between Plaintiff and Defendants.

7. Plaintiff is a citizen of Utah. See *Crowley v. Glaze*, 710 F.2d 676, 678 (10thCir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

8. Defendant Hipold is a citizen of Austria.

9. Defendant Cruise America, Inc. is a foreign corporation organized under the laws of Arizona, with a principal place of business at 11 West Hampton Ave., Mesa, AZ 85210.

10. Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs.

11. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 as there is diversity of citizenship and the amount in controversy exceeds $75,000.

## FACTAL ALLEGATIONS

12. On September 13, 2018 at 1:00 p.m. Plaintiff was a lawfully operating his 2017 Dodge Ram 350 Series, bearing Colorado license plate 807XUV, traveling on 120th Ave. in the County of Adams, State of Colorado.

13. At approximately the same time, Defendant Hipold was lawfully operating a 2016 Ford Club Wagon E350 with the permission of its owner, Defendant Cruise America, Inc., bearing California license plate 8DXL614, also traveling on 120th Ave. in the County of Adams.

14. Plaintiff was at a complete stop at the red light in the left turn lane of 120th Ave. headed toward the northbound I-25 ramp.

15. For reasons unknown to Plaintiff and suddenly and without warning, Defendant Hipold failed to stop and struck the rear of Plaintiff's vehicle at a high rate of speed, pushing Plaintiff's vehicle forward.

16. The Northglenn Police Department responded to the collision and Defendant Hipold was cited for careless driving, pursuant to Colorado Revised Statute § 42-4-1402.

## FIRST CLAIM FOR RELIEF
### (Negligence Defendant Hipold)

17. Plaintiff incorporates by reference the allegations above as though fully set forth herein.

18. At the said date and time, Defendant Hipold carelessly operated his vehicle when he failed to stop his vehicle and crashed into the rear of Plaintiff's vehicle, thereby causing the collision.

19. At all times relevant herein, Defendant Hipold had a duty to operate his vehicle with reasonable care as to not pose an unreasonable risk of harm to others, including Plaintiff.

20. In committing the aforementioned actions, Defendant Hipold was careless, reckless and negligent. In failing to operate his vehicle with reasonable care, Defendant Hipold breached his duty to refrain from posing an unreasonable risk of harm to others, including Plaintiff, while operating his motor vehicle.

21. As a direct and proximate result of Defendant Hipold's negligent, careless and reckless actions, Plaintiff has incurred substantial bills for health care and reasonable treatment of his injuries.

22. As a direct and proximate result of Defendant Hipold's negligent, careless and reckless actions, Plaintiff has been caused to suffer past and future economic and non-economic damages including, but not limited to, physical pain and suffering, loss of the enjoyment of life, lost earning capacity, loss of capacity to perform household work, and inconvenience.

## SECOND CLAIM FOR RELIEF
**(Negligence Per Se Defendant Hipold)**

23. Plaintiff incorporates by reference all prior allegations above as though fully set forth herein.

24. At all times relevant herein, Colorado Revised Statute § 42-4-1402 was applicable.

25. In committing the aforementioned actions, Defendant Hipold violated the provisions of Colorado Revised Statute § 42-4-1402 and therefore, Defendant Hipold was negligent per se.

26. Colorado Revised Statute § 42-4-1402 was designed to protect drivers and passengers from the dangers associated with careless drivers. Plaintiff is among the class of persons which the code is intended to protect, and the harm Plaintiff continues to suffer is the type the code is intended to protect.

## THIRD CLAIM FOR RELIEF
**(Negligence Entrustment Defendant Cruise America, Inc.)**

27. Plaintiff incorporates by reference all prior allegations above as though fully set forth herein.

28. Defendant Cruise America, Inc. is the registered owner of the 2016 Ford Club Wagon E350 bearing California license plate 8DXL614.

29. Defendant Cruise America, Inc. supplied and permitted Defendant Hipold to operate the 2016 Ford Club Wagon E350 that was involved in the above referenced collision.

30. The 2016 Ford Club Wagon E350 was under the control of Defendant Hipold at the time of the above-mentioned collision.

31. On September 13, 2018 Defendant Cruise America Inc. knew, or should have known, Defendant Hipold was likely to use a motor vehicle in such a manner as to create an unreasonable risk of harm to others.

**WHEREFORE,** Plaintiff requests judgment be entered against all Defendants for all reasonable compensatory damages allowed by law, both economic and non-economic, costs, expert witness fees, all interest allowed by law calculated at a compound rate, including pre-judgment interest, and such further relief as the Court deems proper.

Respectfully submitted this 2nd day of April, 2021.

/s/ Cristin Bordelon
Cristin F. Bordelon, Esq., #52238
McDivitt Law Firm, PC
19 E Cimarron Street,
Colorado Springs, CO 80903
Telephone: 719.471.3700
E-mail: litigation@mcdivittlaw.com
Attorney for Plaintiff Stuart Dobson

**CERTIFICATE OF SERVICE**

I hereby certify a copy of the foregoing Civil Complaint was served via CM/ECF upon the following on this 2nd day of April 2021.

/s/ Alexandra Del Valle
Alexandra Del Valle, Litigation Paralegal
McDivitt Law Firm, PC