IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 21-cv-00949-RBJ

STUART DOBSON,

 Plaintiff,

v.

RICHARD HIPOLD, and
CRUISE AMERICA, INC.,

 Defendants.

ORDER ON CRUISE AMERICA'S MOTION FOR SUMMARY JUDGMENT

Defendant Cruise America, Inc. has moved for summary judgment. ECF No. 32. For the reasons discussed below, that motion is GRANTED.

## I. BACKGROUND

This is a tort case between Stuart Dobson, a citizen of Utah, and two separate defendants. The defendants are Richard Hipold, an Austrian national, and Cruise America, Inc. ("CA"), a foreign corporation licensed to do business in Colorado. Mr. Hipold rented and was operating a 2016 Ford Club Wagon E350 ("vehicle") owned by CA when he collided into Mr. Dobson's vehicle. Mr. Dobson claims negligence and negligence per se against Mr. Hipold and negligent entrustment against CA. *See* ECF No. 1.

On September 13, 2018, Mr. Hipold and CA entered into a lease agreement. ECF No. 32-1 at 4. The lease agreement contained Mr. Hipold's name, address, and telephone number, but not his driver's license number. *Id.* Mr. Dobson alleges that CA failed to review Mr. Hipold's license before renting him a vehicle. *See* ECF No. 33 at 5. Shortly after renting the vehicle, Mr. Hipold was driving on 120th Ave. in Northglenn, Colorado. ECF No. 32-1 at 6. Mr. Hipold pulled directly behind Mr. Dobson, who was at a complete stop at a red light. *Id.* While waiting for the light to change, Mr. Hipold pulled forward, rear ending Mr. Dobson. *Id.* at 5-6. The Northglenn Police Department responded to the collision and cited Mr. Hipold for careless driving. *Id.* Mr. Dobson alleges injury to his vehicle and his person. *See* ECF No. 1.

Invoking this Court's diversity jurisdiction, plaintiff filed suit under Colorado tort law. *Id*. CA moved for summary judgement on the theory that Mr. Dobson has not established that it had any duty of care towards Mr. Dobson. *See* ECF No. 32.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where there is "no genuine dispute of material fact and the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if there is "sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). An issue of fact is material if it is essential to the proper disposition of the claim. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### III.  ANALYSIS

#### A.  <u>The Graves Amendment</u>

The Graves Amendment provides that "[a]n owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State . . . for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease" if both "the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles" *and* "there is no negligent or criminal wrongdoing on the part of the owner (or an affiliate of the owner)."  49 U.S.C. § 30106(a).

The parties agree that the Graves Amendment would govern this dispute.  There is no dispute that defendant CA is engaged in the trade or business of renting motor vehicles.  There is no dispute that the defendant did not engage in criminal wrongdoing in renting the vehicle to Mr. Hipold.  The only dispute is whether defendant engaged in any negligent wrongdoing.  I turn next to that issue.

#### B.  <u>Negligent Entrustment</u>

To show a defendant is liable under the doctrine of negligent entrustment "a plaintiff must establish the existence of a duty owed by a defendant and a breach of that duty, which actually and proximately caused injury to the plaintiff."  *Casebolt v. Cowan*, 829 P.2d 352, 356 (Colo.1992).  Under Colorado negligent-entrustment law, "[o]ne who supplies . . . chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others . . . is subject to liability for physical harm resulting to them."  *Beasley v. Best*

3

*Car Buys, LTD*, 363 P.3d 777, 779 (Colo. 2015) (quoting Restatement (Second) of Torts § 390 (1965) (hereinafter "Restatement")).

The defendant will be found to have "reason to know" for purposes of determining the existence of a duty in negligent entrustment cases, when "the actor has information from which a person of reasonable intelligence or of the superior intelligence of the actor would infer that the fact in question exists, or that such person would govern his conduct upon the assumption that such fact exists." *Id*. (quoting Restatement § 12).  "The 'reason to know' standard does not impose a duty upon the supplier to ascertain unknown facts." *Id.* (citing Restatement §390, cmt. a).

An event is the proximate cause of damage if, in the natural and probable sequence of things, it produced the claimed injury.  *In re Swine Flu Immunization Products Liability Litigation*, 533 F.Supp. 567, 580 (D. Colo. 1980).

Here, CA has shown that there are no genuine disputes of material fact, and that it is entitled to judgment as a matter of law.  Plaintiff has presented no facts that show that CA had a "reason to know" that Mr. Hipold was likely to use the vehicle rented to him in a manner involving unreasonable risk to others.  Plaintiff argues that because CA did not require prior RV driving experience or confirm that he could read and follow English road signs, it had reason to know that Mr. Hipold was likely to pose a risk to others.  Plaintiff also argues that there are genuine disputes of material fact on whether CA "actually checked whether Mr. Hipold had a license at the time of renting" the vehicle in question.  ECF No. 33 at 5.

Any dispute of fact regarding a failure to inquire about Mr. Hipold's experience in driving RVs is not material—such a failure does not affect the determination of whether a duty exists. A defendant does not have reason to know that a driver poses a risk to others when it does not know whether a driver has prior experience driving RVs. The "reason to know" standard does not require the defendant to seek unknown facts. CA was not required to inquire about Mr. Hipold's past driving experience, and a duty under the doctrine of negligent entrustment does not arise from its failure to do so.

Plaintiff has likewise failed to show that CA had reason to know that Mr. Hipold would drive negligently simply from the fact that Mr. Hipold was a foreign national.[1] Courts have found in other jurisdictions in similar situations that rental companies did not have a duty simply because they were renting to foreign nationals. In *Eskew v. Young*, 992 F. Supp. 1049, 1053 (S.D. Ill. 1998), the court found that the rental company did not have reason to know that the party renting the vehicle was likely to drive negligently and cause harm "by virtue of the fact that he was a foreigner who was unfamiliar with the customs of driving in the United States." The same is true here. CA did not have a reason to know that Mr. Hipold was unable to understand the local road signs only because he was from a different country.

---

[1] Even if a genuine dispute of fact existed on whether CA's failure to ask whether Mr. Hipold understood road signs written in English would give rise to duty under negligent entrustment, plaintiff could not make out a negligent entrustment claim. Even if that dispute were genuine, it would not be material: there is no dispute that the accident that gives rise to this case was not caused by Mr. Hipold's failure to follow road signs, but rather by his crashing into the car in front of him. That injury was not proximately caused by CA's alleged breach—it was not foreseeable that Mr. Hipold's lack of knowledge of English would cause him to rear-end someone.

The allegation that CA failed to check Mr. Hipold's driver's license before renting him the vehicle also does not raise a genuine dispute of material fact. Even if CA failed to review Mr. Hipold's driver's license, that would not give CA reason to know that he was likely to harm others. Plaintiff is right that CA was required by statute (although not the statute cited by plaintiff)[2] to inspect Mr. Hipold's license before renting him a vehicle. However, whether CA violated this statute in renting a vehicle to Mr. Hipold is not material to the disposition of this claim. Had plaintiff brought a negligence per se claim against CA, the alleged violation of this statute might be material, but here, where plaintiff only plead a negligent entrustment claim against CA, it is not. Even though CA had a statutory duty to inspect Mr. Hipold's license, and even if it failed to do so, that failure does not give CA any "reason to know" that Mr. Hipold was likely to cause harm to others.[3]

There are no genuine disputes of material fact remaining, and CA has shown that plaintiff cannot succeed as a matter of law on its negligent entrustment claim.

### C. Timeliness

Plaintiff argues that this motion for summary judgment is premature because discovery has not yet closed, and he would like to get a deposition from the CA employee who rented the car to Mr. Hipold. ECF No. 33 at 6. The only facts alleged by plaintiff that could be further

---

[2] Plaintiff cites to C.R.S. § 6-1-1211 for the proposition that rental car suppliers are "required to keep records of the number of the driver's license of each shared car driver and the date and place of issuance of the driver's license." That provision applies to "car sharing programs." While that provision does not apply to CA, another provision, C.R.S. § 42-2-141, provides "a person shall not rent a motor vehicle to another person without first inspecting the driver's license of the person to whom the vehicle is to be rented and verifying that the license is unexpired."

[3] Whether CA checked his license or not, there is evidence that Mr. Hipold had a license. *See* ECF No. 32-1.

expounded on by such an employee would be whether that employee did obtain and review Mr. Hipold's driver's license before renting him a vehicle. As addressed above, that fact would not change the analysis on duty—it would show that CA had not complied with Colorado statute, but not that CA had a reason to know that Mr. Hipold would use the vehicle in a way that posed an unreasonable risk to himself or others. The motion for summary judgment is not premature.

## ORDER

1. CA's motion for summary judgment (ECF No. 32) is GRANTED.
2. As the prevailing party, defendant Cruise America, Inc is awarded its reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 26th day of May, 2022.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge